UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAVEENE CORP.,<br><br>  Plaintiff,<br><br>v.<br><br>ERNEST B. REMO, AMERICAN DIVERSIFIED HOLDINGS CORP., AND ACTION STOCK TRANSFER CORP.,<br><br>  Defendants. | Case No.:   21CV1970-JLS(BLM)<br><br>**ORDER SETTING CASE MANAGEMENT CONFERENCE** |

On November 17, 2021, the above-entitled matter was transferred to this Court from the Southern District of New York.  ECF No. 105.  On November 13, 2021, Plaintiff filed a Notice of Appeal "from the order entered on October 14, 2021, that granted Defendants Action Stock Transfer Corp.'s and OTC Markets Group Inc.'s Motions to Dismiss Saveene Corp.'s Complaint and from the order entered on November 10, 2021, that denied Saveene Corp.'s request for leave to amend its complaint and which transferred the action to the Southern District of California."  ECF No. 102.  While the interlocutory appeal has not been resolved, a review of the dockets in the various courts reveals that no party has moved to stay the case and no court has so ordered.  As a result, the Court sets an attorneys-only Videoconference Case Management Conference ("CMC") for **January 28, 2022** at **10:00 a.m.**

The following are mandatory guidelines for the parties preparing for the Case

Management Conference:

1. The parties must meet and confer no later than **January 10, 2022**.

2. No later than **January 18, 2022**, the parties must file a Joint Discovery Plan on the CM/ECF system.  Agreements made in the Joint Discovery Plan will be treated as binding stipulations that are effectively incorporated into the Court's Case Management Order.  The Joint Discovery Plan must be one document and must address each item identified in Fed. R. Civ. P. 26(f)(3).  In addition, the discovery plan must include:

   i. **Service**:  A statement as to whether any parties remain to be served and, if so, a proposed deadline for service;

   ii. **Amendment of Pleadings**: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings;

   iii. **Protective Order**:  Whether a protective order is contemplated to cover the exchange of confidential information and, if so, the date by which the proposed order will be submitted to the Court;

   iv. **Privilege**: The procedure the parties plan to use regarding claims of privilege and whether an order pursuant to Fed. R. Evid. 502 will be sought;

   v. **Evidence Preservation**: Whether the parties have discussed issues related to the preservation of relevant evidence and if there are areas of disagreement, how the parties are resolving them;

   vi. **Electronic Discovery**: In addition to the requirements set forth in Fed. R. Civ. P. 26(f)(3)(C), the parties must describe their agreements regarding methodologies for locating and producing electronically stored information and the production of metadata, and must identify any issues or agreements regarding electronically stored information that may not be reasonably accessible (see Fed. R. Civ. P. 26(b)(2)(B));

   vii. **Discovery**: In addition to the requirements of Fed. R. Civ. P. 26(f)(3)(B), **the parties must describe the discovery taken to date (if any),** any proposed

limitations or modifications of the discovery rules, **what discovery remains to be conducted**, and any identified discovery disputes;

      viii.    **Related Cases**: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body;

      ix.    **Scheduling**: Proposed dates for fact discovery cutoff, expert designations and disclosures, expert discovery cutoff, filing of dispositive motions, filing class certification motion (if class is alleged), pretrial conference and trial;

      x.    **Professional Conduct**: Whether all attorneys of record for the parties have reviewed Civil Local Rule 2.1 on Professionalism; and

      xi.    **Miscellaneous**: Such other matters as may facilitate the just, speedy, and inexpensive disposition of this matter.

3. No later than **January 18, 2022**, counsel for each party shall send an e-mail to the Court at **efile_Major@casd.uscourts.gov** containing the name, e-mail address, and telephone number of each participant to receive the Zoom video conference invitation.

4. Each participant should plan to join the Zoom video conference at least five minutes before the start of the Case Management Conference to ensure that the Case Management Conference begins promptly at **10:00 a.m.** The Zoom e-mail invitation may indicate an earlier start time, but the Case Management Conference will begin at the Court-scheduled time.

5. Failure to participate may result in the imposition of sanctions.

**IT IS SO ORDERED**.

Dated: 12/22/2021

                                        *Barbara␣L.␣Major*
                                       Hon. Barbara L. Major
                                       United States Magistrate Judge